**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                          PLAINTIFF

v.                                              NO. 4:08CR00224 JLH

DOUGLAS RONALD SCHUH                                                                          DEFENDANT

**ORDER**

Defendant Douglas Ronald Schuh has filed an Uncontested Motion for Forensic Psychiatric Evaluation. The motion was previously GRANTED. The United States Marshal for the Eastern District of Arkansas has informed the Court that Douglas Ronald Schuh has been designated to FCI FORT WORTH DETENTION CENTER, in Fort Worth, Texas for the examination. Accordingly, the United States Marshal is directed to transport Douglas Ronald Schuh to FCI FORT WORTH DETENTION CENTER, in Fort Worth, Texas forthwith.[1]

Pursuant to 18 U.S.C. § 4247(b) and (c), Douglas Ronald Schuh shall be remanded to the custody of the Attorney General or his authorized representative for a period not to exceed forty-five (45) days for a psychiatric or psychological examination pursuant to 18 U.S.C. § 4242 and for a period not to exceed thirty (30) days for a psychiatric or psychological examination pursuant to 18 U.S.C. § 4241; and that unless impracticable, the psychiatric or psychological examination shall be conducted in a suitable facility closest to the Court.

Pursuant to 18 U.S.C. § 4247(c), the person conducting the examination must file a report with this Court with copies to counsel for the United States, Assistant United States Attorney Marsha W. Clevenger, Post Office Box 1229, Little Rock, Arkansas, 72203, and to counsel for the

---

[1] Based on 18 U.S.C. § 3161(h)(1)(H), time consumed by transportation in excess of ten (10) days from today is presumed unreasonable under the Speedy Trial Act.

defendant, Omar F. Greene, II, Federal Public Defenders Office, 1401 W. Capitol Avenue, Suite 490, Little Rock, Arkansas 72201.

The report must state whether Douglas Ronald Schuh is suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; whether he was insane at the time of the offense; and, if he was insane, whether his release would create a substantial risk of bodily injury to another person or serious damage to property of another person.

Eleven (11) days from the date the examination report is received by the Court and the parties, any party who requests a hearing regarding any issues in the report or opposes the report must file a motion for hearing or a motion in opposition, including a concise statement of opposition to the report and supporting authorities.  If no motions are filed within eleven (11) days, the Court will enter an Order adopting or rejecting the conclusions set forth in the report, and the period of excludable delay will end.[2]

IT IS FURTHER ORDERED that defendant's motion to continue the trial of this case scheduled to start June 23, 2008, is hereby GRANTED.  Document #16.  Therefore, this matter is rescheduled for trial to a jury to begin at 9:15 a.m. one day during the week of *SEPTEMBER 29 , 2008*, in Little Rock, Arkansas.  Counsel are to be present thirty minutes prior to trial time and are directed to submit simultaneous proposed voir dire questions and jury instructions by *September 19, 2008*.  Jury instructions should be submitted to the Court on a 3½" diskette in WordPerfect format or electronically to jlhchambers@ared.uscourts.gov.

The Court finds that the continuance of the trial is necessary pending completion of the evaluation process and that the interest of justice served by granting the continuance outweighs the

---

[2] 18 U.S.C. § 3161(h)(1)(A).

best interest of the public and defendant for a speedy trial. The Court further finds that it will be necessary to obtain and study the results of the report from the independent examination and to deny the motion would deny counsel for defendant the reasonable time necessary for effective preparation for trial and to develop any and all proper defenses which might be averred in the defendant's behalf.

IT IS THEREFORE ORDERED that the delay occasioned by the examination ordered herein shall be excludable under the provisions of the Speedy Trial Act as provided by 18 U.S.C. § 3161(h)(1)(A) and (H). Subsection (H) excludes the delay resulting from transportation to and from places of examination "except that any time consumed in excess of ten days from the date [of] . . . an order or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable."

IT IS SO ORDERED this 4th day of June, 2008.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE