**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 01 2010

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| DOUGLAS RONALD SCHUH | ) | Case Number: 4:08CR00224 JLH |
| | ) | USM Number: 25164-009 |
| | ) | Jeffrey M. Rosenzweig |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)   Count 2 of Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(4)(B) | Possession of child pornography, a Class C felony | 11/6/2007 | 2 |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)   Count 1 of Indictment   X is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 1, 2010
Date of Imposition of Judgment

_____
Signature of Judge

J. LEON HOLMES, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

September 1, 2010
Date

AO 245B (Rev. 09/08) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: DOUGLAS RONALD SCHUH
CASE NUMBER: 4:08CR00224 JLH

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

### 87 MONTHS

X The court makes the following recommendations to the Bureau of Prisons:
**The Court recommends defendant participate in sex offender treatment, residential substance abuse treatment, and educational and vocational programs during incarceration.**

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: DOUGLAS RONALD SCHUH
CASE NUMBER: 4:08CR00224 JLH

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

### TEN (10) YEARS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

X The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DOUGLAS RONALD SCHUH
CASE NUMBER: 4:08CR00224 JLH

# ADDITIONAL SUPERVISED RELEASE TERMS

14) The defendant must participate, under the guidance and supervision of the probation officer, in a substance abuse treatment program which may include testing, outpatient counseling, and residential treatment. The defendant must abstain from the use of alcohol throughout the course of treatment.

15) The defendant must participate in sexual offender treatment under the guidance and supervision of the probation officer and abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph testing to aid in the treatment and supervision process. The results of the polygraph examinations may not be used as evidence in Court to prove that a violation of community supervision has occurred but may be used for investigative purposes. The information may also be considered in a hearing to modify release conditions. The defendant must contribute to the costs of such treatment and polygraphs based on his ability to pay.

16) The defendant must disclose financial information upon request of the U.S. Probation Office, including, but not limited to, loans, lines of credit, and tax returns. This also includes records of any business with which the defendant is associated.

17) The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. §16901) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency(s) in any state where he resides, works, is a student, or was convicted of a qualifying offense.

18) The probation officer will provide state officials with all information required under any sexual predator and sexual offender notification and registration statutes and may direct the defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

19) The defendant must notify and obtain the approval of the probation officer prior to accepting any employment and the defendant must provide third-party risk notification upon the request of the probation officer and allow the probation officer to verify said disclosure.

20) The defendant may not have direct contact with minors (under the age of 18) without the written approval of the probation officer and must refrain from entering into any area where children frequently congregate including, but not limited to, schools, daycare centers, theme parks, theaters, and playgrounds.

21) The defendant may not frequent adult bookstores, sex shops, topless bars, massage parlors, or any establishment whose purpose is for sexual stimulation or gratification.

22) The defendant may not purchase, possess, subscribe, view, listen to, or use any media forms containing pornographic images or sexually oriented materials including but not limited to written, audio, and visual depictions, such as pornographic books, magazines, literature, videos, CD's, DVD's, digital media, or photographs. This includes materials containing "sexually explicit conduct" as defined in 18 U.S.C. § 2256(2).

23) The defendant may not own or use any computer (whether or not equipped with a modem or access to the Internet) at any location without first receiving written permission from the probation officer. This includes access through any Internet service provider; bulletin board system; gaming system, device, or console; online social networking activities; any public or private computer network system; cell phone; or any other remote device capable of Internet connection. The defendant must agree to the installation of computer monitoring software and hardware approved by the probation office and contribute to the computer monitoring cost based on his ability to pay.

24) The defendant must participate in a computer and Internet monitoring program by the probation office and must abide by all rules and requirements of the program, and must consent to unannounced examinations of all computer equipment, including internal and external storage devices.

DEFENDANT: DOUGLAS RONALD SCHUH
CASE NUMBER: 4:08CR00224 JLH

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| **TOTALS** | $ 100.00    | $ 0      | $ 0             |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

**TOTALS**        $ _____        $ _____

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DOUGLAS RONALD SCHUH
CASE NUMBER: 4:08CR00224 JLH

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** **X** Lump sum payment of $ __100.00__ due immediately, balance due

☐ not later than _____ , or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

**X** The defendant shall forfeit the defendant's interest in the following property to the United States:
**See attached PRELIMINARY ORDER OF FORFEITURE entered on May 21, 2010.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.  No. 4:08CR00224 JLH

DOUGLAS RONALD SCHUH

## PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea to Count Two of the Indictment, and a stipulation of the defendant in which he agreed to the forfeiture the Government sought pursuant to 18 U.S.C. § 2253 defendant shall forfeit to the United States:

    a. All property used or intended to be used in any manner or part to commit the commission of offenses involving 18 U.S.C. § 2252 (a)(4)(B).

    > **Assortment of CDs, Tag # 299778**
    > **One Dell Desktop, serial number CN-0T5438-70821-55R-42CK, Tag # 299780**
    > **One Logitech Webcam, Tag # 299781**

2. The Court has determined, based on the evidence already in the record, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 2253, and that the government has established the requisite nexus between such property and such offenses :

    > **Assortment of CDs, Tag # 299778**
    > **One Dell Desktop, serial number CN-0T5438-70821-55R-42CK, Tag # 299780**
    > **One Logitech Webcam, Tag # 299781**

3. Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the property subject to forfeiture, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4.  Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5.  The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

6.  Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. § 2253(b).

7.  Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing or before sentencing if the defendant consents and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8.  Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 18 U.S.C. § 2253(b) for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED this 21st of May, 2010.

_____
UNITED STATES DISTRICT JUDGE